## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

WILLIAM GRACE-BEY,               )
                                 )
                Plaintiff,       )
                                 )
        v.                       )        No. 2:21-CV-27-SPM
                                 )
CHANEL SIMS, et al.,             )
                                 )
                Defendants.      )

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff William Grace-Bey (registration no. 336358), an inmate at Moberly Correctional Center ("MCC"), for leave to commence this civil action without payment of the required filing fee. ECF No. 4. While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

### The Complaint

On April 1, 2021, self-represented plaintiff William Grace-Bey filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff lists six Missouri Department of Corrections ("MDOC") employees as defendants: (1) Chanel Sims, former caseworker; (2) Dean Minor, former Warden; (3) Scott Weber, current Warden; (4) Ryan Crews, Deputy Division Director; (5) Brice Simmons, caseworker; and (6) Stanley Baker, officer. Within the form complaint, plaintiff checked the boxes that he is bringing his claims against defendant Sims in her official and individual capacities, and the remaining defendants in their

official capacities only. In the body of the complaint, however, plaintiff indicates he is bringing this action against all defendants in both capacities.

Plaintiff's statement of the claim is presented in a twelve-page single-spaced typed narrative in all capital letters. Due to the length, format, and repetitive nature of plaintiff's statement of the claim, the Court had some difficulty determining the exact allegations plaintiff intended to allege against each defendant. Plaintiff appears to allege, however, that all six defendants violated his First Amendment right to practice his religion and Eighth Amendment right to be free from cruel and unusual punishment.

Plaintiff states he "is a Muslim and Islam ask[s] that all Muslims do not gamble, steal, lie, drink, smoke, do drugs or distribute[] them[.]" Plaintiff alleges that on May 23, 2019 and December 4, 2019, defendant Baker exposed him to secondhand smoke by smoking "in the mop closet." Despite only identifying two specific dates when he was allegedly subjected to Baker's secondhand smoke, he claims he was forced "to inhale extreme levels of tobacco smoke for months." It is unclear from the complaint how close in proximately the mop closet was to his cell.

Plaintiff argues defendant Baker is in violation of state and federal laws which prohibits tobacco products within a MDOC facility. Plaintiff alleges the remaining defendants, Sims, Minor, Simmons, Weber, and Crews, "failed to remedy the wrong once brought to [their] attention through the IRR [Informal Resolution Request] procedure," and Simmons violated his due process rights by improperly categorizing one of his grievances as a medical IRR. Plaintiff states he was diagnosed with Chronic Obstructive Pulmonary Disease ("COPD") and bronchitis on June 23, 2020. He appears to claim that these medical conditions were developed as a direct result of the two instances in which he was subjected to Baker's secondhand smoke.

2

Attached to the complaint are plaintiff's grievance documents seeking the MDOC to prevent Baker from smoking inside the housing units, as well as the institution's responses informing plaintiff that the matter was being investigated and would be handled through the appropriate chain of command. Also attached to the complaint are documents from MCC's medical unit to plaintiff regarding his request to be compensated for exposure to tobacco smoke. The documents summarize the active medical treatment plaintiff received in 2019 to 2020 for chronic bronchitis and reflects that his chronic conditions were "due to [his own] history of smoking" in which he reported to an institutional doctor a "30-31 year smoking history of 1.5 to 2 packs per day." ECF No. 1-9 at 5-6.

For relief, plaintiff seeks one million dollars in monetary damages.

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had more than three previous cases dismissed on the basis of frivolity or failure to state a claim. As such, his instant motion to proceed *in forma pauperis* will be denied and his case will be dismissed without prejudice to refiling as a fully paid complaint.

### A. Three Strikes Rule

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

3

may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time that he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

### B. Plaintiff's Previous "Strikes"

Review of this Court's files reveal that plaintiff, a prisoner, has accumulated more than three strikes by filing at least three previous cases that were dismissed as frivolous or malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Grace v. Stubblefield*, 4:07-CV-1630 ERW (E.D. Mo.); *Grace v. Owens*, 4:08-CV-89 CDP (E.D. Mo.); *Grace v. Chastain*, 4:08-CV-598 FRB (E.D. Mo.); *Grace v. Allen*, 4:08-CV-619 CAS (E.D. Mo.); *Grace v. Jones*, 4:08-CV-620 FRB (E.D. Mo.); *Grace v. Precythe*, 2:19-CV-8 RLW (E.D. Mo.); and *Grace v. Missouri Dept. of Corrections*, 2:17-CV-55 NCC (E.D. Mo.).

As a result of plaintiff's previous filings and dismissals, this Court is unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are insufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Notably, on April 30, 2020, plaintiff filed a complaint in this Court against five out of the six defendants named in this instant lawsuit for substantially similar claims. *See Grace v. Precythe*, 2:20-CV-23 SEP (E.D. Mo.). In dismissing that case pursuant to the Three Strikes Rule, this Court held that plaintiff's allegation

4

"that prison officials have failed to curtail staff in his housing unit from smoking in the mop closet" did not show he was "in imminent danger of serious physical injury."

After carefully reviewing the instant complaint, the Court finds that his allegations do not show he is in imminent danger of serious physical injury. Plaintiff states he is a practicing Muslim whose religion prohibits him from smoking. Plaintiff alleges defendant Baker smoked on at least two occasions in the mop closet of the MCC, thus, subjecting plaintiff to unwanted secondhand smoke in violation of the Eighth and First Amendments. Plaintiff further alleges defendants Sims, Minor, Simmons, Weber, and Crews violated his constitutional rights because they failed to "remedy the wrong" after they received plaintiff's grievances. These allegations simply do not rise to the level of imminent danger. *See e.g.*, *Foster v. Unidentified Party*, 34 Fed. Appx. 963, 2002 WL 663757, at *1 (5th Cir. 2002) (rejecting claim that exposure to second-hand smoke presented an imminent danger of serious physical injury); *Gibbs v. Santos*, 2016 WL 4919895, at *3 (N.D. Miss. Sept. 14, 2016) (rejecting claim that exposure to second-hand smoke presented an imminent danger under § 1915(g) to prisoner who was concerned about exposure when he had only one kidney); *Johnson v. Mercer*, 2013 WL 4549052, at *2 (N.D. Fla. Aug. 28, 2013) (finding that danger from unwanted tobacco smoke does not qualify as imminent danger); *Wilson v. Riley*, 2007 WL 3120133, at *1 (M.D. Ala. Oct. 23, 2007) ("While second hand smoke can cause health problems, these potential ailments are not sufficiently imminent to allow inmate an exception to the frequent filer provision of 28 U.S.C.1915(g).").

Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to plaintiff refiling a fully paid complaint.

5

**C. Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

Even if plaintiff were granted *in forma pauperis* status, his case would still be subject to dismissal. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a case filed *in forma pauperis* if it determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. In this case, plaintiff has failed to state a claim under 42 U.S.C. § 1983 against any of the defendants.

### i. Official Capacity Claims

Plaintiff's official capacity claims are subject to dismissal because the State of Missouri is not an "person" subject to a Section 1983 lawsuit and plaintiff's claim for damages is barred under the Eleventh Amendment.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that an official capacity suit against a sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, the six named defendants are all alleged to be employees of the MDOC. As such, the official capacity claims against them are actually claims against the State of Missouri itself, which is the defendants' employer. Plaintiff, however, cannot bring a claim for damages against the State of Missouri under 42 U.S.C. § 1983 because the state is not a "person." "Section

6

1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"); and *Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent").

### ii. Individual Capacity claims

#### a. First Amendment

Plaintiff's First Amendment claims are subject to dismissal against all defendants in their individual capacities for failure to state a claim.

The First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free

7

exercise thereof[.]" U.S. Const. amend. I. Pursuant to the Free Exercise Clause, an individual has the right to believe and profess whatever religious doctrine he or she desires. *In re Kemp*, 894 F.3d 900, 907 (8th Cir. 2018). Moreover, the government may not compel religious belief, punish the expression of religious doctrines, impose special disabilities based on religious views or religious status, or lend its power to a particular side in controversies over religious authority or dogma. *Id.*

Under the Free Exercise Clause of the First Amendment, a plaintiff must first raise a question of fact regarding whether the prison has placed a substantial burden on his ability to practice his or her religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). *See also Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997) (stating that "[a]s an initial matter, a person claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief"). "To constitute a substantial burden, the government policy or actions must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Murphy v. Missouri Dep't of Corrs.*, 372 F.3d 979, 988 (8th Cir. 2004).

Plaintiff states he is a practicing Muslim whose religion prohibits him from smoking. Plaintiff alleges defendant Baker smoked on at least two occasions in the mop closet of the MCC, thus, subjecting Plaintiff to unwanted secondhand smoke. Plaintiff further alleges defendants Sims, Minor, Simmons, Weber, and Crews violated his First Amendment rights because they failed to "remedy the wrong" after they received Plaintiff's grievances regarding defendant Baker allegedly smoking in the mop closet of the institution.

As currently pled, plaintiff's allegations are insufficient to show he has been substantially burdened in practicing his sincerely held religious beliefs. While plaintiff states he is not permitted to smoke as a Muslim, his facts do not demonstrate how being subject to occasional secondhand exposure would curtail his ability to express adherence to his faith or deny him the ability to reasonably engage in activities fundamental to his religion. *See e.g., Shabazz v. Smith*, No. CIV. A. 6:07CV220, 2008 WL 2178637, at \*3 (E.D. Tex. May 22, 2008) ("The fact that [plaintiff] is a Muslim and finds smoking to be religiously offensive does not itself show that a constitutional violation took place.").

Additionally, even if plaintiff adequately alleged a substantial burden, he only identifies two specific instances of being subject to secondhand smoke. The infrequency of his alleged exposure to smoke also weighs against a First Amendment violation. *See e.g., McCroy v. Douglas Cty. Corr. Ctr.*, 394 F. App'x 325, 326 (8th Cir. 2010) (concluding that the initial confiscation of a prisoner's towel he used as a prayer rug and his copy of the Koran and the two-week delay in returning them to him did not evidence a substantial burden on the ability to practice one's religion); *Johnson v. Fields*, No. 2:14-CV-38-FDW, 2017 WL 5505991, at \*13 (W.D.N.C. Nov. 16, 2017) (finding the removal of the Bible for 24 days did not substantially burden the plaintiff's exercise of his religion); *Rapier v. Harris,* 172 F.3d 999, 1006 (7th Cir. 1999) (infrequent unavailability of a non-pork tray did not constitute more than a *de minimis* burden of plaintiff's free exercise of religion).

### b. Due Process

To the extent plaintiff seeks to hold any of the six named defendants responsible for the alleged improper handling of his grievances under 42 U.S.C. § 1983, such a claim is also subject to dismissal.

9

Plaintiff alleges defendant Simmons violated his due process rights by improperly categorizing one of his grievances as a medical IRR. Plaintiff also alleges defendants Sims, Minor, Simmons, Weber, and Crews "failed to remedy the wrong once brought to [their] attention through the IRR [Informal Resolution Request] procedure." It is well established, however, that there is no federal constitutional liberty interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not a basis for § 1983 liability). Also, there is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate); *see also Burnside v. Moser*, 138 Fed. App'x 414, 416 (3d Cir. 2005) (prisoners do not have a constitutionally protected right to a prison grievance process).

Furthermore, to any extent plaintiff is alleging that any of the defendants are liable solely because they held administrative or supervisory positions, such claims are also subject to dismissal. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). A supervisor is liable for the actions of his subordinates under § 1983 only if he personally participates in the alleged unconstitutional conduct, or when there is a causal connection between his actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role; he cannot be held liable for the outcome of the process).

### c. Eighth Amendment

Lastly, plaintiff's Eighth Amendment claim is also subject to dismissal as currently pled. "The Eighth Amendment places a duty on prison officials to provide humane conditions of confinement." *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). In *Helling v. McKinney*, 509 U.S. 25 (1993), the United States Supreme Court held that the involuntary exposure of a prison inmate to environmental tobacco smoke ("ETS") could form the basis of a claim for relief under the Eighth Amendment if the inmate shows the subjective and objective elements of an Eighth Amendment violation. *Id.* at 35. The objective prong requires the inmate to prove that "he himself is being exposed to unreasonably high levels of ETS." *Id.* Proof "requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS." *Id.* at 36. Moreover, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.* The subjective prong requires a showing of deliberate indifference by the prison officials. *Id.*

In the instant case, plaintiff only identifies two dates, May 23, 2019 and December 4, 2019, when defendant Baker allegedly smoked in a mop closet and exposed him to secondhand smoke. Plaintiff provides no detail as to the proximity of the mop closet to his cell and only states in a conclusory fashion that he was subjected to "extreme levels of tobacco smoke."

To state a claim under *Helling*, plaintiff must allege that "prison officials have, with deliberate indifference, exposed the prisoner to levels of environmental tobacco smoke which pose an unreasonable risk of serious damage to the prisoner's future health." *Weaver v. Clarke*, 45 F.3d 1253, 1255-56 (8th Cir. 1995). As pled here, the Court cannot find that the limited exposure of

which plaintiff complains is one which today's society would not tolerate or poses an unreasonable risk of serious damage to plaintiff's future health.

Comparable to the instant case is *Henderson v. Lambert*, 2014 WL 977674, at *1 (W.D. Ark. Mar. 13, 2014), aff'd, 577 F. App'x 633 (8th Cir. 2014). In *Henderson*, the Court dismissed the inmate's claim that defendant correctional officers violated his Eighth Amendment rights as the result of exposing him to second-hand smoke on two occasions while he was being transported approximately 170 miles to another correctional facility. The Court found that an "exposure [] limited to a fairly short drive on two occasions" did not rise to the level of deliberate indifference. *See also Richardson v. Spurlock*, 260 F.3d 495 (5th Cir. 2001) (holding that occasionally sitting near smokers is not an unreasonable exposure to ETS because it is not sufficiently severe and sustained); *Oliver v. Deen*, 77 F.3d 156 (7th Cir. 1996) (asthmatic inmate who was housed for 133 days with cellmates who smoked failed to demonstrate he had a serious medical need or that he was denied the minimal civilized measure of life's necessities); *Guilmet v. Knight*, 792 F.Supp. 93 (E.D. Wash. 1992) (claim of an inmate who was housed with a smoker for 15 days failed); *Johnson v. Demico*, 2011 WL 2181117, at *4 (D.N.J. June 1, 2011) ("Where an inmate complains of occasional ETS exposure in common areas of the prison facility, *e.g.*, in the outside recreational yard, such allegations do not state an actionable claim"); *Pryor–El v. Kelly*, 892 F. Supp. 261, 267 (D.D.C. 1995) (dismissing an ETS claim in which the plaintiff alleged "that various unnamed inmates and prison officials smoke 'in the TV room, games room, and the letter writing room'").

Thus, plaintiff's claim, as currently pled, that he was exposed to defendant Baker's second-hand smoke on two specific occasions does not rise to the level of an Eighth Amendment constitutional violation.

**D. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. ECF No. 3. The motion will be denied as moot as this action is being dismissed under the three strikes rule. *See* 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** to plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 23 day of April, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

13